## Case No. 10,279.

### The NIVETO.

[7 Ben. 69.] [1]

District Court. E. D. New York. Nov., 1873.

SEAMEN—WAGES—SECURITY FOR COSTS—SHIPPING COMMISSIONER.

A libel was filed by a seaman for balance of wages due and clothing destroyed. The claimant moved that he be required to file security for costs, showing by an affidavit of the United States shipping commissioner that a receipt in full for the wages had been given before such commissioner by the seaman. *Held*, that the creation of the office of shipping commissioner gives courts of admiralty greater assurance than formerly that the just demands of the seaman have been discharged in any settlement made before the commissioner; and that the rule, allowing a seaman to libel without giving security, must be modified in cases where the seaman has been paid off before the shipping commissioner.

In admiralty.

BENEDICT, District Judge. This is a motion to compel a seaman to give security for costs in an action brought to recover a balance of wages and the value of some clothes, alleged to have been appropriated or destroyed by the master. The motion is based, among other things, upon the affidavit of the United States shipping commissioner, which shows that the seaman was paid his wages, and his receipt in full was taken, before the shipping commissioner in his official capacity.

It has hitherto been usual to relieve seamen from the requirement to give security for costs, for the reason that to compel security from a seaman is in effect to compel him to abandon a suit, often made necessary to relieve him from attempts to defraud. The creation of the office of shipping commissioner, and the designation of an official before whom the payment of wages may be made, full explanation given, and misrepresentation thus prevented, gives to the courts of admiralty, in cases where wages are claimed to have been so paid, a greater assurance that the just demands of the seaman have been recognized and discharged, in any settlement made with him, than they have been able to derive from receipts taken by a private shipping master or by the master of the ship.

It seems, therefore, proper to modify the rule with regard to security for costs in cases where the seaman has been paid off before the shipping commissioner. In this case, therefore, I shall direct that the seaman give security for costs, and that all proceedings in the action be stayed until such security be given. I shall, however, give leave to apply to vacate this order at a future day, if so advised, because the application was not made until the seaman had departed on a voyage from which he has not yet returned, and therefore his affidavit could not be presented to me; and because the shipping commissioner does not say in his affidavit that the claim for the clothing was settled before him, or that no claim for lost clothing was then made by the seaman.

---

## Case No. 10,280.

### NIXDORFF v. WELLS.

[4 Cranch, C. C. 350.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

LANDLORD AND TENANT—DOUBLE RENT FOR HOLDING OVER—SPECIFIC TERM OF LEASE.

1. To enable a landlord to recover double rent for holding over, the lease must be for a specific term.

2. A renting at $60 a year, payable monthly, is not for a specific term, and will not authorize a judgment for double rent.

[This was a suit by Barbara Nixdorff against Richard Wells.]

Appeal from a justice of the peace, who gave judgment for $10, being double rent for a month, the tenant having held over after the first year, under a demise at $60 a year, payable monthly.

Mr. Marbury, for appellee. No time for notice to quit is mentioned when the lease will expire by its own limitation. Woodf. Landl. & Ten. 163. A renting at $60 a year, payable monthly, is a renting for one year and no more.

Mr. Redin, contra. It was a general hiring at $60 a year, not for any limited period. The Case of Gordon in this court, at the last term [unreported], was a specific lease for one year only, and notice to quit was not necessary to recover double rent.

THE COURT (nem. con.) was of opinion that the renting was not clearly shown to be for a specific term, but only at the rate of $60 a year, leaving the term uncertain; and that double rent could not be recovered. Judgment reversed, with costs.

---

NIXON (PACKER v.). See Case No. 10,653.

NIXON (PARKER v.). See Case No. 10,744.

NIXON (POOLE v.). See Case No. 11,270.

NIXON (UNION PAPER-BAG CO.). See Case No. 14,386.

NIXON (UNION PAPER-BAG MACHINE CO. v.). See Case No. 14,391.

NIXON (YOUQUA v.). See Cases Nos. 18,189 and 18,190.

NOAH (UNITED STATES v.). See Case No. 15,894.

---

[1] [Reported by Robert D. Benedict. Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]